UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DAREA R. BRAZILE,** *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **Civil Action Nos. 04-2259 (RMC)** |
|  | ) | **05-68 (RMC)** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

During the month of September 2004, approximately 150 plaintiffs filed individual actions in District of Columbia Small Claims Court against Experian Information Systems Inc., Trans Union LLC, and Equifax Inc., all national, private credit reporting agencies. Each plaintiff complained of difficulties with his, her, or its credit report issued by one or more of the defendants. After a hearing on defense motions to dismiss, held on December 15, 2004, Magistrate Judge Goodbread consolidated the cases and certified them to the Civil Division because they were not within the jurisdiction of Small Claims Court. A list of the affected plaintiffs was attached to the Certification Order, which was captioned "Small Claims No. 10979-04" and was filed on December 27, 2004. No. 05-68, Dkt. #1, Exh. A. However, the Civil Division vacated the Certification Order and remanded the cases to Small Claims Court in an Order filed January 13, 2005. No. 05-68, Dkt. #4, Exh. A.

Apparently unaware that the Certification Order had been vacated, on January 14, 2005, defendants removed Small Claims No. 10979-04 to this Court, where it was captioned Civil

Action No. 05-68. After realizing their mistake, defendants moved to remand on January 24, 2005. This motion to remand is now pending before the Court.

In the meantime—specifically, between Magistrate Judge Goodbread's hearing on defense motions to dismiss and his filing of the Certification Order—the plaintiffs on December 23, 2004, filed a distinct but overlapping complaint in the Civil Division. No. 04-2259, Dkt. #1. Though plaintiffs labeled this separate complaint "Case No. 010979-04"—the same as their small claims case number—the Civil Division captioned it Case No. 04-9703. This complaint identifies its plaintiffs as "Darea R. Brazile, *et al.*," without further identifying any plaintiff other than Ms. Brazile. On December 30, 2004, defendants removed Case No. 04-9703 to this Court, where it was captioned Civil Action No. 04-2259. Now pending before the Court in this action are Experian's Motion for a More Definite Statement, and Trans Union's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement.

I.      **Motion to Remand (No. 05-68)**

Defendant Trans Union, with the consent of all defendants, moves to remand Civil Action No. 05-68, arguing that the Civil Division's vacatur of the Certification Order "had the likely effect of rendering the Notice of Removal . . . ineffective as to any case other than the first matter." Trans Union Motion to Remand at 2. Magistrate Judge Goodbread's Certification Order purported both to incorporate Ms. Brazile's action with "[a]ll cases listed in the attachment to [the Certification Order]" and to consolidate those actions "for whatever treatment that . . . the Civil Division may deem appropriate." Certification Order at 4. However, the Civil Division vacated the Certification Order (on January 13, 2005) before defendants removed the action to federal court (on January 14, 2005). Thus, there being no cases consolidated with Small Claims No. 10979-04 at the time of

removal, the Court agrees that defendants' notice of removal was effective as to only Ms. Brazile's action, and no others. Therefore, it grants in part defendants' motion to remand as to the balance of the formerly consolidated actions. As a result, Ms. Brazile is the only remaining plaintiff in No. 05-68.

In addition, it appears that Civil Action No. 04-2259 is in all respects duplicative of Civil Action No. 05-68. Although No. 04-2259 was removed first, it was filed in state court second. In fact, its state-court filing date—which places its filing in the period between Magistrate Judge Goodbread's hearing on defense motions to dismiss and his filing of the Certification Order—suggests that plaintiffs unnecessarily filed a second complaint in the Civil Division before the Certification Order was filed. That plaintiffs intended to refile the same action, not a separate action, in the Civil Division is confirmed by their attempted labeling of their Civil Division complaint as "Case No. 010979-04"—the same as Ms. Brazile's small claims case number. In addition, the Civil Division complaint identifies its plaintiffs as "Darea R. Brazile, *et al.*," without further identifying any plaintiff other than Ms. Brazile, and at no time have plaintiffs named any other plaintiff. Therefore, the Court construes the complaint as naming only Ms. Brazile, and as a result, she is likewise the only plaintiff in No. 04-2259. *See* Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties . . . ."); *see also Loa-Herrera v. Trominski*, 231 F.3d 984, 991 n.16 (5th Cir. 2000) ("[T]he federal courts lack jurisdiction over . . . unnamed parties, as a case has not been commenced with respect to them.").

Furthermore, because Ms. Brazile raises identical claims in Nos. 04-2259 and 05-68, the Court orders these two actions consolidated under the caption Civil Action No. 04-2259 (RMC).

**II.      Motions for a More Definite Statement (No. 04-2259)**

Defendants Experian and Trans Union have filed motions for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[1] Defendants argue that because the Complaint "conflates a claim under the District of Columbia Uniform Commercial Code with transactions and duties defined and subject to the [Fair Credit Reporting Act]," it is "impossible to ascertain from the Complaint what conduct violated which particular (and/or applicable) law," rendering the Complaint "so vague [they] cannot reasonably compile an answer or begin to formulate discovery." Trans Union Mem. at 1-2.

The Court grants the motions for a more definite statement. No. 04-2259, Dkt. ## 8, 12. Counsel for Ms. Brazile shall file a single complaint under Civil Action No. 04-2259 (RMC), which specifies the jurisdictional bases for each claim[2] and provides sufficient details, especially dates of the allegedly erroneous credit reports, so that the defendants can file responsive pleadings.

---

[1] Rule 12(e) provides:
If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.
Fed. R. Civ. P. 12(e).

[2] Plaintiff's Superior Court complaint states that jurisdiction is founded on D.C. Code § 11-921; however, the complaint's allegations borrow terminology directly from the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Plaintiff's opposition to defendants' motions for a more definite statement hints that plaintiff ultimately wants the Court to apply procedures required under the D.C. Uniform Commercial Code to FCRA complaints. *See* Pl.'s Opp. at 3, ¶ 7. However, plaintiff's intent is not clear, and the Court, like the defendants, hesitates in interpreting either the complaint or plaintiff's argument. The Court notes that plaintiff is represented by counsel.

*See* Fed. R. Civ. P. 12(e).

### III.    Conclusion

For the foregoing reasons, it is this 14th day of September, 2005, hereby

**ORDERED** that defendant Trans Union's Motion to Remand (No. 05-68, Dkt. # 4) is **GRANTED** in part and **DENIED** in part; and it is

**FURTHER ORDERED** that defendant Experian's Motion for a More Definite Statement (No. 04-2259, Dkt. #8) is **GRANTED**; and it is

**FURTHER ORDERED** that defendant Trans Union's Motion to Dismiss or, in the alternative, Motion for a More Definite Statement (No. 04-2259, Dkt. # 12) is **GRANTED** in part and **DENIED** in part; and it is

**FURTHER ORDERED** that Civil Action No. 04-2259 (RMC) and Civil Action No. 05-68 (RMC) shall be **CONSOLIDATED** under the caption Civil Action No. 04-2259 (RMC).

**SO ORDERED.**

Signed: September 14, 2005                               /s/
                                                                        ROSEMARY M. COLLYER
                                                                        United States District Judge